UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Joseph H. Carlone, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>V.<br><br>Progressive Casualty Insurance Company<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br>FEBRUARY 8, 2012 |
|---|---|---|

COLLECTIVE
AND CLASS ACTION COMPLAINT

I.   INTRODUCTION

1.   This action is brought on behalf of all persons holding the position of "File Owner" employed by Defendant Progressive Casualty Insurance Company ("Progressive"). Defendant has misclassified Plaintiff Joseph H. Carlone (hereinafter "Plaintiff"), and other similarly situated employees as exempt under federal and state overtime laws and failed to pay them overtime pay for hours above 40 in a workweek.

2.   Plaintiff alleges on behalf of himself and other similarly situated current and former File Owners of Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendant for all overtime hours worked by them, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

3.   Plaintiff Carlone, further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of other similarly situated current and

1

former File Owners of Defendant employed within the State of Connecticut (the "Connecticut Class") that they are entitled to back wages from Defendant for all overtime work for which they did not receive overtime premium pay and an award of penalty damages, plus the cost of litigation and reasonable attorneys fees as required by the Connecticut Minimum Wage Act ("CMWA") (Conn. Gen. Stat. Section 31-58, *et seq.*).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. Section 216(b). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367 since it is so related to his FLSA claims that it forms part of the same case or controversy.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

6. This court has personal jurisdiction over Defendant pursuant to Connecticut's long-arm statute because it transacts business in the State of Connecticut, it enters into employment contracts with the File Owners, including Plaintiff, and its conduct in violating the Fair Labor Standards Act and the Connecticut Minimum Wage Act is tortious as that term is defined under the long arm statute.

## III. THE PARTIES

7. Plaintiff Joseph H. Carlone is an individual residing within this judicial district. He worked as a File Owner for Defendant from approximately March 1, 2010 to the present, at Defendant's Newington, Connecticut location.

8. Defendant Progressive Casualty Insurance Company is a corporation organized and existing under the laws of the state of Ohio. Its principal office is located in Mayfield Village, Ohio.

2

9. It is from its corporate headquarters that Progressive operates the various locations by the creation, publication, and enforcement of its corporate policies and procedures. These policies and procedures dictate the compensation of Defendant's employees as well as the manner in which Defendant's employees carry out their duties.

10. Progressive is an employer within the meaning of the FLSA.

## THE NATIONWIDE COLLECTIVE ACTION

11. Plaintiff brings the first cause of action on behalf of himself and all other File Owners at all Progressive locations throughout the country.

12. Plaintiffs bring this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiffs and the other File Owners are similarly situated in that they are all subject to Progressive's common plan or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work does not qualify them for exempt status.

## THE CONNECTICUT RULE 23 CLASS

13. Plaintiff brings the second cause of action under Rule 23 of the Federal Rules of Civil Procedure, for himself and on behalf of a class consisting of all persons who have worked for Defendant as File Owners in Connecticut from a date two years preceding the filing of this lawsuit to the date of final judgment in this matter.

14. As to Plaintiffs' claims for money damages, pursuant to Conn. Gen. Stat. Section 31-58 *et seq.*, Plaintiffs sue on behalf of themselves and all other members of the above-defined Connecticut class. Class certification for these Connecticut law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

15. The class is so numerous that joinder of all members is impracticable.

16. There are questions of law and fact common to the class, including whether the putative class members worked overtime but were not paid overtime in violation of

Connecticut law.

17. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendant. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiff and to the class.

18. The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and he has hired counsel skilled in the prosecution of class actions.

19. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

20. As to Plaintiff's claims for injunctive relief, pursuant to Conn. Gen. Stat. Section 31-58 *et seq.*, he sues on behalf of himself and all other members of the above-defined class. Class certification for these claims is appropriate under Rule 23(a) for the reasons set forth in Paragraph 12 above. Class certification for these state law claims also is appropriate under Rule 23(b)(2), because all the requirements of the rule are met, in that Defendant has acted on grounds generally applicable to the class when it classified the positions of File Owner as exempt, so that it is appropriate to issue final injunctive relief to the class as a whole.

## STATEMENT OF FACTS

21. At all relevant times, Plaintiff worked as a File Owner for Progressive. There are hundreds of File Owners employed around the country who share a common job title and duties.

22. File Owners are predominantly clerical employees whose primary duty is to gather information and documentation regarding an insurance claim. Their primary duties do not render them exempt under any recognized exemption.

23. File Owners routinely work more than 40 hours per week but are not paid any additional compensation for the hours they work beyond 40 each week.

24. File Owners perform the same primary duties nationwide. They are uniformly trained by Defendant. They perform their duties through the use of the same computer system and protocols. Their work is measured by the same set of standards developed by the corporate office and carried out uniformly in Progressive's various locations.

26. Defendant classifies all File Owners as exempt from the overtime requirements of the FLSA and state laws.

27. The decision to classify File Owners as exempt was made by Defendant's corporate officers.

28. The primary duty of Plaintiff and all other File Owners is not exempt and therefore Progressive is not entitled to deny them overtime pay.

## LEGAL CLAIMS

**COUNT ONE**     **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

29. Based on the foregoing, Defendant's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. Sections 201 *et seq*.

30. Plaintiffs and all other similarly situated File Owners who opt into this litigation are

5

entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT TWO**     **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

31.     Based on the foregoing, Defendant's conduct in this regard was a willful violation of the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58, *et seq.*

32.     Defendant's conduct in violation this law was unreasonable, arbitrary and/or in bad faith.

33.     Accordingly, Plaintiffs and all other similarly situated File Owners who opt into this litigation are entitled to compensation for all overtime hours worked, interest, penalty damages, attorneys' fees and court costs.

## DEMAND FOR RELIEF

Plaintiffs claim:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. Section 216(b);

b. Certification of the Connecticut count as class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) and the appointment of Plaintiffs and their counsel to represent that class;

c. An award of unpaid overtime wages under the Fair Labor Standards Act;

d. An award of unpaid overtime wages under the Connecticut Minimum Wage Act;

e. An award of liquidated damages under the Fair Labor Standards Act,

f. An award of penalty damages under Connecticut Minimum Wage Act;

g. Attorneys' fees under the Fair Labor Standards Act, and the Connecticut Minimum Wage Act;

h. Injunctive relief in the form of an order directing Defendant to comply with the Connecticut Minimum Wage Act;

i. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Joseph H. Carlone, individually and on behalf of other similarly situated individuals

By: /s/ Richard E. Hayber
Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct11629
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com
Attorney for the Plaintiffs