**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Joseph H. Carlone, individually and on behalf of other similarly situated individuals, | ) ) ) | CIVIL ACTION NO.: 3:12-cv-00207(WGY) |
| Plaintiffs, | ) ) ) | |
| v. | ) | January 17, 2014 |
| Progressive Casualty Insurance Company, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION REQUESTING ADJUDICATION OF OUTSTANDING CLASS NOTICE AND STATUTE OF LIMITATIONS TOLLING ISSUES AND REQUEST FOR STATUS CONFERENCE TO ADDRESS ISSUES UNRESOLVED BY THE COURT'S ORDER**

***ORAL ARGUMENT NOT REQUESTED***

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....................................................................................1

II. ARGUMENT ....................................................................................2

A. Equitable Tolling of the Statute of Limitations Is Not Appropriate In This Case and Will Complicate Case Management ..........................................2

B. Carlone Has Proposed Inappropriate And Overreaching Notice And Opt-In Forms ....................................................................................5

1. Carlone's requested dissemination of his proposed notice via e-mail and workplace postings is unduly broad and unnecessary ..........................6

2. Carlone's proposed notice does not adequately protect the privacy interests of potential opt-in plaintiffs ..........................................7

3. Use of the term "File Owners" is confusing and inaccurate ..........................8

4. There is no evidence that Progressive violated the FLSA, let alone evidence that Progressive "willfully" violated the FLSA to justify a three-year statute of limitations ..........................................8

5. Carlone's proposed notice omits a statement of opt-in plaintiffs' rights and obligations ..........................................8

6. Carlone's proposed notice could be read to infer inappropriately that the Court endorses Carlone's claims on the merits ..........................10

7. Consent forms are properly sent to courts – not plaintiffs' counsel ..........10

8. Reminder postcards are unnecessary and could be interpreted as encouragement to join the lawsuit ..........................................11

III. CONCLUSION ....................................................................................12

# I. INTRODUCTION

Defendant Progressive Casualty Insurance Company ("Progressive") brings this motion for an adjudication of issues not decided by this Court's January 10, 2014 "Order granting Motion to Certify Class." (ECF No. 101). A resolution of these issues is critical before notice to the opt-in class can be issued.

On July 22, 2012, Plaintiff Joseph Carlone filed a motion to conditionally certify a collective action and to send notice pursuant to 29 U.S.C. § 216(b). (ECF No. 90 and 91). Included in Carlone's motion was a request to toll the statute of limitations as of the filing of his motion on July 22, 2013, without regard to the timing of the actual filing date of any putative plaintiff's opt-in consent. Carlone also submitted a proposed class notice and opt-in form with his brief. (*Id.*).

On August 23, 2013, Progressive opposed plaintiff's motion to conditionally certify a collective action. (ECF No. 96). Progressive also objected to plaintiff's request to toll the statute of limitations period, made eight specific objections to plaintiff's proposed notice and consent form and provided its own proposed opt-in notice and consent form in the event conditional certification was granted. (*See* ECF No. 96, pp. 30-39, Exs. 24 and 25 – proposed opt-in notice and consent forms).

On January 10, 2014, the Court granted Carlone's motion to conditionally certify a collective action. (ECF No. 101). However, while both parties sought a ruling on the tolling and form of notice issues, the Court's order did not specifically address these issues. Without such a ruling, notice cannot be issued in this case.

Progressive respectfully requests that the Court decide these issues so that class notice may be given upon the Court's issuance of a case management schedule and class notice period. In the alternative, Progressive requests that the Court set a status conference, at which the parties can

address any questions or issues from the Court pertaining to their respective positions on the appropriate class notice and consent forms. For the Court's convenience in deciding these issues, Progressive restates below its objections to plaintiff's requested tolling and class notice and opt-in forms and reattaches copies of its requested class notice form and its requested opt-in form as Exhibits 1 and 2, respectively.

## II. ARGUMENT

### A. EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS IS NOT APPROPRIATE IN THIS CASE AND WILL COMPLICATE CASE MANAGEMENT

Carlone seeks to toll the statute of limitations as of his motion filing on July 22, 2013, without regard to the timing of the actual filing date of any putative plaintiff's opt-in consent. Carlone bases this request on the assertions that he has been diligent as to the filing of his present motion and that "the opt-in plaintiffs are not aware of their right to join this suit . . . ." (Carlone Brief at 21). As set forth more fully below, however, Carlone overreaches by requesting that equitable tolling of the statute of limitations apply in this case.

An action under the FLSA commences for each putative plaintiff on the date the individual opts into the suit by filing his/her own written consent. *See* 29 U.S.C. § 256. Once an opt-in is filed, it tolls the two- or three-year statute of limitations for that plaintiff. *See* 29 U.S.C. § 255(a). Equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396, 127 S. Ct. 1091, 166 L.Ed.2d 973 (2007). In the Second Circuit, "equitable tolling is only appropriate in [] rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations and citations omitted) (alteration in original); *see also Perkins v. Southern New England Telephone Co.*, 2009 U.S. Dist. LEXIS 103833 at *18 (D.

Conn. Nov. 4, 2009) ("[A] district court must consider whether the person[s] seeking application of the equitable tolling doctrine (1) ha[ve] acted with reasonable diligence during the time period [they] seek[] to have tolled, and (2) ha[ve] proved that the circumstances are so extraordinary that the doctrine should apply."). *Zerilli-Edelglass*, 333 F.3d at 81 (citation and internal quotation marks omitted) (alterations added).

In the present case, the suggestion that members of the putative collective class are unaware of this lawsuit and their rights is simply and objectively untrue. As an initial matter, as Carlone knows, one individual from Pennsylvania initially opted in to this lawsuit on June 16, 2012 (ECF No. 31), only to file a voluntary dismissal form shortly thereafter on August 3, 2012 (ECF No. 39). Another individual from Oregon recently opted into this lawsuit on November 18, 2013. (ECF No. 99). Thus, individuals other than the plaintiff clearly are aware of their ability to opt into this lawsuit. Further, many of Carlone's peers have demonstrated that they are aware of this lawsuit by submitting declarations that they performed exempt work. Based on the foregoing, Carlone's suggestion that tolling is justified on the basis that putative opt-in plaintiffs are not aware of their rights should be rejected.

In fact, courts in similar cases have rejected requests for equitable tolling routinely. For instance, in *Gordon v. Kaleida Health*, 2009 U.S. Dist. LEXIS 95729 (W.D.N.Y. Oct. 14, 2009), the court rejected the very argument being raised by Carlone in his motion -- namely, that putative opt-in plaintiffs did not have the opportunity to act on their rights under the FLSA because they were unaware of the lawsuit. In *Gordon*, the court observed that the underlying right at issue is the right to overtime pay for hours worked over forty per week, and that any

putative class member could tell from his or her paycheck whether overtime was being paid.[1] In rejecting the request for equitable tolling, the court noted:

> "Plaintiffs here have offered no allegations or proof from which the Court can conclude that a reasonably prudent potential plaintiff would not have known of his or her right to receive overtime pay after 40 hours. Pursuit of that right is not dependent on the commencement or certification of a collective action, and a reasonably diligent person could have acted by pursuing an individual or collective action for relief." *Gordon*, 2009 U.S. Dist. LEXIS 95729 at *42.

*See also Arena v. Plandome Taxi Inc.*, 2013 U.S. Dist. LEXIS 58169 at *4, 7 (E.D.N.Y. Apr. 23, 2013) (rejecting plaintiffs' argument that tolling was appropriate because potential class members had not been apprised of the dispute).

Similarly, in *Perkins*, 2009 U.S. Dist. LEXIS 103833 at *19, the court refused to apply equitable tolling because plaintiffs did not allege that any potential class member was "prevented from exercising their rights in some extraordinary way, nor have they shown that [Defendant's] misleading conduct prevented potential class members from becoming aware of their cause of action." *See also Ritz v. Mike Rory Corp.*, 2013 U.S. Dist. LEXIS 67840 at *8 (E.D.N.Y. May 13, 2013) (denying equitable tolling because lapse between plaintiff's filing initial and supplemental affidavits was "de minimis"); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2012 U.S. Dist. LEXIS 127824 at *18–19 (S.D.N.Y. Sept. 6, 2012) (denying equitable tolling because FLSA plaintiffs "have not otherwise proven . . . that their circumstances are extraordinary").

Carlone has not made any showing to justify applying the "rare remedy" of equitable tolling here. Contrary to the cases Carlone cites, Carlone has not alleged nor can he prove that Progressive has acted improperly to delay this litigation or otherwise frustrated Carlone's attempt

---

[1] Indeed, there is no right to receive notice of a collective action under the FLSA. Rather, the provision of notice to putative opt-in plaintiffs is within the trial court's discretion. *See Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).

to pursue his claims diligently, nor has he shown any "extraordinary" procedural circumstances that would justify tolling.[2] While Carlone cites the approximately 13-month period between the parties' summary judgment briefing and the Court's ruling on summary judgment as effectively having prevented putative class members from timely learning of the lawsuit, there is no evidence that any actions by Progressive or this Court support such a claim. *See Gordon*, 2009 U.S. Dist. LEXIS 95729 at *43 ("[u]nfortunately, the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes.").

Application of equitable tolling will also complicate, not simplify, the handling of this case. Sending notice to hundreds of potential opt-ins with otherwise untimely claims will result in the Court having to handle scores or more of opt-in plaintiffs who have no viable claim. Not only will these individuals raise the most complex discovery and evidentiary issues due to their age, but they will only result in additional motion practice and the needless expenditure of the Court's scarce time and resources.

In short, Carlone has wholly failed to demonstrate why the extraordinary remedy of equitable tolling should be applied in this case.

### B. CARLONE HAS PROPOSED INAPPROPRIATE AND OVERREACHING NOTICE AND OPT-IN FORMS

Carlone's proposed notice and opt-in forms are unnecessarily complicated and inappropriate. They are replete with inaccurate and confusing statements, heavy-handed communications, and invasive disclosure requirements that would unduly compromise the privacy of Progressive employees. In contrast, Progressive's proposed opt-in notice (Exhibit 1)

[2] For instance, in *Yahraes v. Rest. Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115 at *9 (E.D.N.Y. Mar. 8, 2011), the court permitted tolling after finding that the defendants "frustrated plaintiffs' diligent attempts to ensure that claims did not expire." No such evidence exists here, and even then the court did not toll the entire period.

and consent form (Exhibit 2) would provide lawful and accurate notice. Progressive's specific objections to Carlone's improper proposed notice and consent forms are set forth more fully below.

1. Carlone's requested dissemination of his proposed notice via e-mail and workplace postings is unduly broad and unnecessary

While it is proper to submit opt-in notices via First Class United States Mail, Carlone's request that notice also issue in this case via e-mail and workplace postings is improper and wholly unwarranted. As noted by the court in *Gordon*, 2009 U.S. Dist. LEXIS 95729 at *36, courts have expressed concern that "notification by electronic mail could create risks of distortion or misleading notification through modification of the notice itself or the addition of commentary." Further, posting is only appropriate where there is evidence that the process of mailing notice will not be sufficient. Carlone has failed to produce any such evidence. *Id.* at * 36 ("[Defendant] has not yet produced employee contact information and there is no reason, at this juncture, to assume that production will not be complete and accurate. Moreover, the only group that will be reached by posting are current employees, who have an interest in providing their employer with an up-to-date mailing address."); *see also Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944 at *41–42 (W.D.N.Y. Oct. 21, 2009).

Carlone fails even to describe in his motion exactly what, where, or when communications are to be accomplished either through emails or vague references to workplace postings.

In short, First Class U.S. Mail is the "best notice practicable" and the only method of contact that should be used in this case. *Gordon*, 2009 U.S. Dist. LEXIS 95729 *37.

2. Carlone's proposed notice does not adequately protect the privacy interests of potential opt-in plaintiffs

Carlone asks the Court to order Progressive to provide a list of potential opt-in plaintiffs' names, last-known mailing addresses, last-known telephone numbers, e-mail addresses, work locations, dates of employment and Social Security numbers (for persons whose notices are returned as undeliverable). Although Progressive agrees that disclosing the names, addresses, dates of employment and work location generally is considered appropriate, Progressive objects to any request that it provide the telephone numbers, e-mail addresses and Social Security numbers for its current and former employees. *See Gordon*, 2009 U.S. Dist. LEXIS 95729 at *31; *see also Colozzi v. St. Joseph's Hospital Health Center*, 595 F. Supp. 2d 200, 210 (N.D.N.Y. 2009); *Hinterberger*, 2009 U.S. Dist. LEXIS 97944 at *36.

Progressive avers that it would be inappropriate to share an individual's Social Security number even in the event that a notice is returned as undeliverable. In that regard, contrary to Carlone's suggestion, the court in *Capsolas v. Pasta Res. Inc.*, 2011 U.S. Dist. LEXIS 49936 (S.D.N.Y. May 9, 2011), did not order the production of Social Security numbers, as the numbers were provided in that case upon agreement between the parties. If this Court orders that Social Security numbers must be produced for any undeliverable notices, Progressive requests that such an order include a provision prohibiting the disclosure of such information to anyone other than Carlone's counsel (which prohibition would include consultants, experts and Carlone himself), limiting the information's use for purposes of attempting to locate the putative collective action member only and requiring that, upon termination of this lawsuit, Carlone's counsel shall certify in writing to Progressive that the Social Security numbers have been destroyed. The Court should not need to reach that issue, however, as Plaintiff has failed to demonstrate a need for this inherently private information.

3. Use of the term "File Owners" is confusing and inaccurate

In his proposed notice, Carlone proposes to use the job title of "File Owner" to describe those who are entitled to opt into the lawsuit. However, while Carlone refers to himself and putative opt-ins as "File Owners," that term is, in reality, simply an informal moniker for the Claims Generalist Associate position. It is undisputed that Carlone's official job title during the relevant time period was Claims Generalist Associate. Thus, Claims Generalist Associate ("CGA") is the proper description for the at-issue position and should be used in any notice to putative class members.

4. There is no evidence that Progressive violated the FLSA, let alone evidence that Progressive "willfully" violated the FLSA to justify a three-year statute of limitations

Carlone argues that the putative class should be composed of those holding the CGA job title within the last three years. The appropriate statute of limitations under the FLSA, however, is two years, unless there is evidence of a willful violation. Carlone has not shown that Progressive has committed any violation of the FLSA, let alone a willful violation. A finding of willfulness requires proof that the employer act with knowledge that its actions were unlawful or with reckless disregard for the legality of its actions. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988). In the present case, there. is no such proof and, accordingly, the notice, and the related scope of the putative class, should reflect a two-year period, not a three-year period.

5. Carlone's proposed notice omits a statement of opt-in plaintiffs' rights and obligations

Opt-in notices should describe opt-in plaintiffs' rights and legal obligations once they decide to participate in the lawsuit. Among other things, opt-in notices should describe an opt-in

plaintiff's discovery and litigation obligations and clearly explain that an opt-in plaintiff may be required to give testimony and produce information and/or documents about his or her work for the defendant. *See, e.g., Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 520 (E.D.N.Y. 2011). Carlone's proposed notice fails to do this.

Further, Carlone's proposed notice fails to address the effect of an opt-in plaintiff's decision to join the lawsuit with respect to potential costs. Courts have found provisions such as the following, however, critical to include in the notice:

> **If you choose to join in this case, you will be bound by the Judgment, whether it is favorable or unfavorable. You may also be held liable for costs associated with this lawsuit.**

*See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 98 (S.D.N.Y. 2003).

Carlone's proposed notice also omits any reference to the effect of an opt-in plaintiff's decision to join the lawsuit in respect of his or her relationship with plaintiff's counsel. In this regard, courts have endorsed and approved the following language:

> **If you sign and return the Consent to Join Collective Action form attached to this Notice, you are agreeing to designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.**
>
> **The attorneys for the class plaintiff are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The court has retained jurisdiction to determine the reasonableness of any contingency agreement entered into by the Plaintiff with counsel.**
>
> **Furthermore, you can join this lawsuit by representing yourself or by retaining counsel of your own choosing. If you do so, your attorney must file the "opt-in" consent form with the Court by December 31, 2013.**

*See Gjurovich*, 282 F. Supp. 2d at 98-99; *see also Rosario*, 828 F. Supp. 2d at 520.

6. Carlone's proposed notice could be read to infer inappropriately that the Court endorses Carlone's claims on the merits

Carlone's proposed notice includes, in bold-faced type in the last paragraph, the statement that the notice has been "authorized by the United States District Court" and is separated by several paragraphs from language that does not appear in bold-faced type regarding the Court not having made a decision on the merits of the claims or defenses. The layout of Carlone's proposed notice could be viewed as calling into question the Court's neutrality and prior rulings in the case. Provisions such as the following, which Progressive argues should be included in any notice, eliminate any such misconceptions:

> **The Court has approved the sending of this Notice, but the Court has expressed no opinion on the merits of this lawsuit. A final decision on the merits of this lawsuit has not been made by the Court.**

*See Rosario*, 828 F. Supp. 2d at 520-21.

7. Consent forms are properly sent to courts – not plaintiffs' counsel

Carlone's proposed notice improperly directs putative opt-in plaintiffs to transmit the opt-in form to Carlone's counsel rather than to the Court. Courts have opined that such a procedure implicitly discourages opt-in plaintiffs from selecting other counsel and have required the notice to direct them to file their consent forms with the Clerk of Court. *See, e.g., Rosario*, 828 F. Supp. 2d at 521, *citing Lujan v. Cabana Mgmt., Inc.*, 2011 U.S. Dist. LEXIS 9542 at *45–46 (E.D.N.Y. Feb. 1, 2011). Thus, provisions such as the following, which direct opt-in plaintiffs to file consent forms with the Court -- as opposed to plaintiffs' counsel -- are appropriate:

> **In order to join this lawsuit as a party plaintiff you must return the enclosed "opt-in" consent form to the address below no later than December 31, 2013.**

**Clerk of Court**
**United States District Court for the District of Massachusetts**
**1 Courthouse Way, Suite 2300**
**Boston, Massachusetts 02210**

8. Reminder postcards are unnecessary and could be interpreted as encouragement to join the lawsuit

Carlone asks this Court to authorize the mailing of a reminder postcard to all putative class members who have not yet opted in to this matter within 45 days of the first notice mailing. This should be denied for two reasons. First, Carlone has not shown why a reminder notice is necessary. *See Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d.340, 358 (E.D.N.Y. 2012) (denying reminder notice because plaintiffs did not identify any reason why it would be necessary). Second, courts that have addressed the propriety of authorizing reminder notices in FLSA cases consistently have refused to authorize the reminder because it "potentially could be interpreted as encouragement by the court to join the lawsuit." *Witteman v. Wisconsin Bell, Inc.*, 2010 U.S. Dist. LEXIS 8845 at *10 (W.D. Wis. Feb. 2, 2010); *see also Knispel v. Chrysler Group LLC*, 2012 U.S. Dist. LEXIS 21188 at *21–22 (E.D. Mich. Feb. 21, 2012) (reminder denied because it could be interpreted as encouragement to join the dispute); *Robinson v. Ryla Teleservices, Inc.*, 2011 U.S. Dist. LEXIS 147027 at *21–22, n.7 (S.D. Ala. Dec. 21, 2011) (adopting the reasoning in *Witteman*). Since Carlone has not shown necessity and since the reminder could be interpreted as Court encouragement to join the lawsuit, Carlone's request for a reminder notice is improper and should be denied.

In sum, Carlone's requested notice and opt-in form overreaches in many significant respects. Progressive requests that the Form of Notice and Opt-In forms set forth in Exhibits 1 and 2 hereto be adopted by this Court.

## III. CONCLUSION

For the reasons discussed above, Progressive respectfully requests that the Court grant its motion, rule on the unadjudicated issues, and order that Progressive's proposed Form of Notice and Opt-In forms be used to provide notice to the putative class.

Dated at New Haven, Connecticut on this 17th day of January, 2014.

Respectfully submitted,

*/s/ Gregory V. Mersol*
Gregory V. Mersol (PHV-05436)
Stephen C. Sutton (PHV-05445)
BAKER & HOSTETLER LLP
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, OH 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: gmersol@bakerlaw.com
ssutton@bakerlaw.com

*/s/ Lori B. Alexander*
Lori Alexander- Fed. Bar No.: CT08970
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
Telephone:(203) 974-8700
Facsimile:(203) 974-8799
Email: LAlexander@littler.com

Attorneys for Defendant Progressive Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

In addition, a complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

/s/ *Lori B. Alexander*

Lori Alexander- Fed. Bar No.: CT08970
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
Telephone:(203) 974-8700
Facsimile:(203) 974-8799
LAlexander@littler.com

# EXHIBIT 1

**NOTICE OF YOUR RIGHT TO "OPT-IN" TO LAWSUIT AGAINST PROGRESSIVE CASUALTY INSURANCE COMPANY**

United States District Court, District of Connecticut
Joseph Carlone, et al. v. Progressive Casualty Insurance Co.
Civ. A. No. 3:12-cv-00207-JCH

[Date], _________, 2013

Dear current or former employee of Progressive Casualty Insurance Company:

Enclosed is a consent form you must file with the Court if you choose to become a plaintiff in a lawsuit that has been filed by a former employee of Progressive Casualty Insurance Company ("Progressive") on behalf of anyone who has worked as a Claims Generalist Associate for Progressive anywhere in the United States during the last three years (except for those Claims Generalist Associates who worked for Progressive exclusively in either California, or in Progressive's Central Claims Unit).

According to the company's records, you may be eligible to participate in this case because you worked as a Claims Generalist Associate during the last three years outside California or the Central Claims Unit. In order to indicate your intent to become a plaintiff in this case, you must complete and return this consent form to the address below by **no later than December 31, 2013.**

In this lawsuit, the plaintiff alleges that Progressive violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., because it did not pay its Claims Generalist Associates overtime compensation when they worked more than 40 hours in a workweek. The plaintiff in this case is currently being represented by the following attorneys and law firms:

Shannon Liss-Riordan
Brant Casavant
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor 221
Boston, MA 02114
www.llrlaw.com
Tel: (617) 994-5800
Fax: (617) 994-5801
Alisha Ripley, Administrator
aripley@llrlaw.com

Rick Hayber
Erick Ignacio Diaz-Vazquez
HAYBER LAW FIRM LLC
221 Main Street, Suite 502
Hartford, CT 06106
www.hayberlawfirm.com
Tel: (860) 522-8888

Progressive denies that it has violated the FLSA. It contends that its Claims Generalist Associates are properly exempted from overtime compensation because they are "administrative professionals," and administrative professionals need not be paid overtime compensation under the FLSA. Progressive is currently being represented in this case by the following attorneys and law firms:

Lori Alexander
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 065101900
Telephone:(203) 974-8700
Facsimile:(203) 974-8799
Email: LAlexander@littler.com

Gregory V. Mersol (PHV-05436)
Stephen C. Sutton (PHV-05445)
BAKER & HOSTETLER LLP
PNC Center
East Ninth Street, Suite 3200
Cleveland, OH 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: gmersol@bakerlaw.com
ssutton@bakerlaw.com

The Court has approved the sending of this Notice, but the Court has expressed no opinion on the merits of this lawsuit. A final decision on the merits of this lawsuit has not been made by the Court.

Although Progressive disputes the merits of this case, it recognizes its employees' right to pursue these claims in court. Progressive has given its assurance that you will not be subject to retaliation of any kind by choosing to become a part of this case, and you will not be discharged or subject to discrimination in any manner because you choose to exercise your rights under the FLSA.

The case is in an early stage, and there has not been a decision by the court as to whether the plaintiffs' position or the company's position is the correct one. If you join this lawsuit, you may be asked to give testimony and provide information about your work for Progressive to help the Court decide whether you are owed any money. If you choose to join in this case, you will be bound by the Judgment, whether it is favorable or unfavorable. You may also be held liable for costs associated with this lawsuit and for potential counterclaims which could be asserted against you by Progressive Casualty Insurance Company, the Defendant. If you do not return the enclosed consent form by **December 31, 2013**, you will not be considered part of this case and will be unable to receive a share of any settlement or judgment that the plaintiffs may obtain. If you do join the case, you will be bound by any ruling entered by the court or settlement reached by the parties.

If you sign and return the Consent to Join Collective Action form attached to this Notice, you are agreeing to designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

The attorneys for the class plaintiff are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The court has retained

jurisdiction to determine the reasonableness of any contingency agreement entered into by the Plaintiff with counsel.

Furthermore, you can join this lawsuit by representing yourself or by retaining counsel of your own choosing. To do so, you or your attorney must file the appropriate documents with the Clerk of Court by December 31, 2013, listing the name and docket number of this case: Joseph Carlone, et al. v. Progressive Casualty Insurance Co., 3:12-cv-00207-JCH. The address of the Court is: United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

**Again, to join this case, you must return the enclosed "opt-in" consent form to the address below no later than December 31, 2013.** In the meantime, if you have any questions, do not hesitate to contact the attorneys for the plaintiff at the phone numbers or e-mails provided above.

Please do not contact the court; you may contact the counsel listed above with any questions you have.

Very truly yours,

*Rick Hayber*
*Shannon Liss-Riordan*

# EXHIBIT 2

Joseph Carlone, et al. v. Progressive Casualty Insurance Co.
United States District Court, District of Connecticut, Civil Action Number 3:12-cv-00207-JCH

**CONSENT TO JOIN COLLECTIVE ACTION**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of my employment at Progressive Casualty Insurance Company in connection with the above-referenced lawsuit.

2. I represent that I work/worked for Progressive Casualty Insurance Company in the position of Claims Generalist Associate from on or about ____________ (month, year) to on or about _______________(month, year). I work/worked at the Progressive Casualty Insurance Company office located in _____________________ (city, state).

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the court, whether favorable or unfavorable, or by any settlement of this action.

4. I hereby designate Rick Hayber and Erick Diaz of the Hayber Law Firm LLC, 221 Main Street, Suite 502, Hartford, Connecticut 06106, and Shannon Liss-Riordan and Brant Casavant of Lichten & Liss-Riordan, P.C., 100 Cambridge Street, 20th Floor, Boston, Massachusetts 02114 (Plaintiffs' Counsel), to represent me for all purposes in this action.

5. I also designate the named plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs (with the understanding that Plaintiffs' Counsel are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees and that, if there is a recovery, costs and attorneys' fees will first be deducted from any judgment or settlement entered), and all other matters pertaining to this lawsuit.

Signature:________________________________ Date:____________________

Name:____________________________________________________________

Address:__________________________________________________________

_________________________________________________________________

Telephone:______________________________ E-Mail:__________________

**To join this suit, you must complete and return this form by mail by December 31, 2013 to:**

**Clerk of Court**
**United States District Court for the District of Massachusetts**
**1 Courthouse Way, Suite 2300**
**Boston, Massachusetts 02210**