UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Joseph H. Carlone, Individually and on behalf of other similarly situated individuals,<br>    Plaintiff,<br><br>v.<br><br><br>Progressive Casualty Insurance Company,<br>    Defendant. | :<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>: | CIVIL ACTION NO.:<br><br>3:12-CV-00207-WGY<br><br><br><br><br><br>JANUARY 29, 2014 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING ADJUDICATION OF OUTSTANDING CLASS NOTICE AND STATUTE OF LIMITATIONS TOLLING ISSUES**

On January 10, 2014, the Court granted Plaintiff's motion for notice to be issued pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. (Doc. 101). Plaintiff had filed, together with his motion, a copy of his proposed notice and opt-in consent form. (Doc. 91-35, 91-37). In response to Plaintiff's motion, Defendant had raised a number of arguments and objections to the proposed notice and claim form (Doc. 96), and Plaintiff responded to those arguments in his reply (Doc. 98). The Court granted Plaintiff's motion without caveat, indicating its agreement with what Plaintiff had requested, and without adopting any of Defendant's objections. Defendant has now requested that the Court revisit issues that were already briefed, or that could have been raised, in connection with Plaintiff's motion for notice. The Court should reject Defendant's attempt to re-raise issues that it already raised, or could have raised previously.

0

In the event, however, that the Court wishes to further consider these issues, Plaintiff explains below why Defendant's objections are without merit. On a couple of issues, Plaintiff agrees to Defendant's proposal (for instance, Plaintiff does not need to obtain class members' social security numbers, and Plaintiff will agree to include a statement in the notice that the Court has not yet ruled on the merits in this case). Attached as Exhibit A is Plaintiff's revised and updated proposed notice.

I.  Equitable Tolling is Appropriate in This Case

Courts within the Second Circuit and beyond have regularly granted equitable tolling of the statute of limitations in FLSA collective action cases where delays caused by pending motions and litigation have adversely affected the rights of diligent plaintiffs. Glatt v. Fox Searchlight Pictures Inc., 11 CIV. 6784 WHP, 2013 WL 4834428 (S.D.N.Y. Aug. 26, 2013) (noting that "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine"). In deciding whether equitable tolling should apply, the Second Circuit has asked "whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80-81(2d Cir. 2003) (internal quotation omitted). To demonstrate that extraordinary circumstances exist, plaintiffs are *not* required to show misconduct of the defendant. Shidler v. Alarm Sec. Group LLC, 919 F. Supp. 2d 827 (S.D. Tex Dec. 21, 2012). Instead, it may be sufficient to show that tolling is "necessary to avoid inequitable circumstances." Iavorski v. U.S. Immigration & Naturalization Serv., 232 F.3d 124, 129 (2d Cir. 2000).

Inequitable circumstances that would justify tolling of the statute of limitations include delays caused by pending motions where such delays would prejudice diligent plaintiffs. See

1

McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (noting that where "putative class representatives and their counsel are diligently and timely pursuing the claims, [they] should also not be penalized due to the courts' heavy dockets and understandable delays in rulings").  Indeed, numerous courts, including courts in the Second Circuit have held that "[t]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine."  Yahraes v. Rest. Assocs. Events Corp., 2011 U.S. Dist. LEXIS 23115 (EDNY March 8, 2011). See also Lee v. ABC Carpet & Home, 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (holding that it was "in the interest of fairness" to equitably toll the statute of limitations for potential FLSA collective action members for the duration of a court-imposed stay of the proceedings); Abadeer v. Tyson Foods, Inc., 2010 WL 5158873 at *3-4 (M.D. Tenn. Dec. 14, 2010) at *3-4 (granting equitable tolling in an FLSA collective action because "[p]laintiffs lost time in pursuing their rights because [of] both parties' inability to reach an agreement on how to best provide notice to potential plaintiffs… [and] [t]hus, the time that plaintiffs lost pursuing their rights was not a result of a lack of diligence on their part"); Israel Antonio-Morales v. Bimbo's Best Produce, Inc., 2009 WL 1591172 at *1 (E.D. La. Apr. 20, 2009) (noting that "[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b)"); Stickle v. SCIWestern Mkt. Support Ctr., L.P., 2008 WL 4446539 at *22 (D. Ariz. Sept. 30, 2008) (finding that "[c]ourts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice" and noting that where defendants would not be prejudiced, and [i]f not tolled, the statute of limitations could act to deprive consenting employees of their right of action," tolling was appropriate); Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 542 (N.D. Cal. 2007) (noting that

"[f]aultless potential plaintiffs should not be deprived of their legal rights on the basis of a defendant's delay, calculated or otherwise" and granting equitable tolling of FLSA collective action claims); Owens v. Bethlehem Mines Corp., 630 F. Supp. 309, 312 (S.D.W.V. 1986) (allowing equitable tolling because the court's delay in ruling on the collective action motion caused claims to become time-barred).

In Yahraes the court found that the "procedural history demonstrates that plaintiffs have vigorously pursued their claims and, through no fault of their own, have been delayed in prosecuting their action and distributing 216(b) notice to potential opt-in plaintiffs." 2011 U.S. Dist LEXIS 23115 at *8. The court held that while the defendants engaged in "no trickery or wrongdoing," their actions did frustrate "plaintiffs' diligent attempts to ensure that claims did not expire" and as such it was "in the interest of fairness" to equitably toll plaintiffs' claims. Id. at *9. Likewise, in this case, plaintiff has "vigorously pursued" his claim and "through no fault of his own" has been delayed in distributing notice to opt-in plaintiffs because of procedural delay.

In this case, the issuance of notice has been delayed for reasons outside of Plaintiff's control. On July 24, 2013, in a Telephone Status Conference, the Court indicated that "[a] decision [regarding conditional certification] shall issue by the end of September 2013." See Dkt. 93. However, the Order approving the notice was not issued until January 10, 2014. See Dkt. 101. In that Order, the Court noted that "the court regrets that through inadvertence this order is untimely." See Dkt. 101. Given these circumstances, Plaintiff submits that equitable tolling is "in the interest of fairness." Diligent litigants should not be penalized for "understandable delays in rulings." McGlone, 867 F. Supp. 2d at 445.

## II. Plaintiffs' Proposed Notice and Opt-In Forms are Appropriate.

### A. Dissemination of notice through email and workplace posting is appropriate and necessary.

In his motion, Plaintiff asked the Court to order Progressive to provide a list of potential opt-in plaintiffs' names, last-known mailing addresses, last-known telephone numbers, e-mail addresses, work locations, dates of employment and Social Security numbers. In their motion, Defendant objects to providing telephone numbers, email addresses, and Social Security numbers for current employees. Def's Mot. at 6-7. Defendant claims that dissemination of notice by email and by workplace posting is unnecessary and invasive. Id. However, courts in the Second Circuit consistently allow for posting of notice in workplaces and for dissemination of notice by email. Defendant's concerns are unfounded, and Plaintiff should be permitted to provide notice by posting and by email.[1]

Courts in the Second Circuit "routinely grant" requests to post notice of a collective action at an employer's business location. See Jacob v. Duane Reade Inc., 2012 U.S. Dist. LEXIS 11053, at *29-30 (S.D.N.Y. Jan. 27, 2012). Indeed, courts have overruled the objections of defendant-employers to posting notice and have allowed such notices even where prospective class members will also be notified by mail. See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (rejecting defendant's objections that posting notice "would unnecessarily disturb their business" on the grounds that "[c]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail"); Garcia v. Pancho Villa's of Huntington Vill., Inc., 678 F.Supp.2d 89, 96 (E.D.N.Y.2010) (noting that "while defendants object to the

---

[1] As noted earlier, Plaintiff will withdraw his request for Social Security numbers to allay privacy concerns.

4

posting of the Notice at their business locations—and request an order prohibiting it—such a practice has been routinely approved in other cases"); Moung Su Kim v. Kap Sang Kim, 2010 U.S. Dist. LEXIS 72236, at *5 (E.D.N.Y. July 19, 2010) (granting request to post notice at employer's business locations); Malloy v. Richard Fleischman & Assocs. Inc., 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009) (requiring defendant to "post the notice in each workplace where potential collective action members are employed"). This Court should follow the accepted practice of the Second Circuit and allow notice to be posted without any further showing by the plaintiff.

Courts in the Second Circuit have also routinely granted requests for potential FLSA collective action members' email addresses to facilitate notice by email. Courts have found that "given the reality of communications today ... the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate." Pippins v. KPMG LLP, 2012 WL 19379, at *14 (S.D.N.Y. January 3, 2012). In In re Deloitte & Touche, LLP Overtime Litig., 2012 WL 340114 at *2 (S.D.N.Y. Jan. 17, 2012), defendants objected to providing email addresses, citing privacy concerns. The court found that "[i]n the present age, [] communication through email is the norm, and the Court does not view the disclosure of email addresses to class counsel as being unduly intrusive on the privacy and personal interests of class members." Id. See also, Lujan v. Cabana Mgmt., Inc., 2011 WL 3235628, at *3 n. 3 (E.D.N.Y. July 27, 2011) ("[T]he Court sees email as a relatively unobtrusive option" for providing notice to class members); Jacob v. Duane Reade Inc., 2012 U.S. Dist. LEXIS 11053, at *28-29 (S.D.N.Y. Jan. 27, 2012) (finding it appropriate for Duane Reade to produce information including last known email addresses of potential class members); Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007) (ordering that "names, current or last known addresses of class

5

members, as well as known email addresses, shall be provided"); Melgadejo v. S & D Fruits & Vegetables Inc., 2013 WL 5951189 at *8 (S.D.N.Y. Nov. 7, 2013) (permitting disclosure of email addresses). Given the regular and consistent practice of producing email addresses in the Second Circuit, Defendant's objections should be disregarded.

**B. Use of the Term "Claims Generalist Associate" is Confusing because it is not the Current Title Used for the Position at Issue.**

In its motion, Defendant objects to the use of the term "file owners" to describe the job title of those who are entitled to opt-in to this lawsuit and instead asserts that the term "Claims Generalist Associate" should be used. Def's Mot. at 8. However, in Plaintiff's Memorandum in Support of Plaintiff's Motion for Notice, this precise issue was already addressed. See Dkt. 91 at 5. Prior to 2008, Defendant's Claims Department was staffed by "Claims Generalist Associates", but Defendant has since reorganized its Claims Department. See Dkt. 91 at 5. As part of that reorganization, some job functions that the Claims Generalist Associates had previously performed were distributed among different, newly-created positions, including "file owners." Id. Defendant already addressed this very issue in its Opposition to Plaintiff's Motion for Notice and the Court has already ruled on this question in granting Plaintiff's motion. See Dkt. 96 at 34; Dkt. 101. Defendant should not be permitted to re-litigate this issue, which has already been decided in Plaintiff's favor. The term "file owner" is more accurate and more easily understood by the potential class members.

**C. The Proposed Notice's Three-Year Statute of Limitations for Willful Violations is Appropriate.**

The FLSA provides for a three-year statute of limitations for willful violations, beyond the ordinary two-year period. 29 U.S.C. § 225(a). When approving §216(b) notice, courts routinely permit certification of the three-year period and defer determination of whether

recovery will be for two or three years until later in the proceedings. See e.g., Fang v. Zhuang, 2010 WL 5261197 at *3 (E.D.N.Y. Dec. 1, 2010). For purposes of Plaintiff's motion for conditional certification, use of the three year statute of limitations is appropriate.

Courts within the Second Circuit have made clear that "[w]here willfulness is disputed, the court applies the [FLSA's] three-year statute of limitations for purposes of certifying a representative action." Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013); Fang, 2010 WL 5261197 at *3 (E.D.N.Y. Dec. 1, 2010). Indeed, it would be premature to require plaintiffs to show evidence of willful violations because at the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." Aros v. United Rentals, Inc., 269 F.R.D. 176, 180 (D.Conn. 2010), quoting Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 368-69 (S.D.N.Y. 2007).

For example, in Roebuck v. Hudson Valley Farms, Inc., 239 F. Supp. 2d 234, 240 (N.D.N.Y. 2002), the court found that even though a wilful violation of the FLSA had not been pled by plaintiffs in an FLSA collective action, the relevant discovery period should be three years because discovery would confirm whether or not willfulness existed. See also Fengler v. Crouse Health Found., Inc., 595 F. Supp. 2d 189, 197 (N.D.N.Y. 2009) (approving "preliminary certification of the case as a collective action for employees utilizing the expanded, three year period" for willful violations of the FLSA because to do otherwise would "improperly invite[] the court to engage in a review of the merits of plaintiffs' claims"); Jason v. Falcon Data Com, Inc., 09-CV-03990 JG ALC, 2011 WL 2837488 (E.D.N.Y. July 18, 2011) (rejecting Defendants' argument that a two-year statute of limitations should apply to FLSA collective action because plaintiff failed to offer any evidence of a willful violation and holding instead that a three year

7

period was appropriate); Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150, 163 (N.D.N.Y. 2008). These cases make clear that Defendants' argument for a two-year notice period is contrary to well-established precedent in the Second Circuit. The three year statute of limitations for willful violations of the FLSA should be utilized for conditional certification purposes.

**D. Statements Regarding Opt-In Plaintiffs' Duties and Obligations is Unnecessary.**

Defendants argue that the notice should include statements (1) that opt-ins may be called upon to give testimony, (2) that opt-ins may be responsible for costs or subject to counter-claims, and (3) that the court may later decide a contingency fee agreement isn't reasonable. Defs' Mot. at 8-10. However, Defendant's proposed notice would place undue emphasis on the potential risks of opting in (including the potential need to respond to discovery, the potential need to testify, and the bringing of a counterclaim) as opposed to the potential benefits of opting in (including the benefit of classification as a nonexempt employee and receiving back pay that may be owed to the employee). Other courts have declined to include language warning potential class members about discovery obligations and costs. See e.g., Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (rejecting defendant's request that the opt-in notice "warn that opt-in plaintiffs will be subject to discovery obligations and could be liable for Defendants costs if they prevail"); Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (denying defendant's request that potential class members be warned in the opt-in notice about "discovery obligations,…that they could be liable for Defendant's costs in defending the case," and that they "should be required to sign the form under penalty of perjury"). This Court should follow other courts in this Circuit in finding that Plaintiff's proposed notice is appropriate and that additional warnings to potential class members are unnecessary and may well be deterring.

### E. Plaintiff Agrees to Add a Statement that the Court has not expressed an opinion or issued a decision on the merits of the case.

Plaintiff agrees to add language to the notice indicating that the Court has approved sending the notice but has not expressed any opinion on the merits of the lawsuit. Plaintiff has added the following language into his revised draft notice (attached hereto as Exhibit A): "The Court has approved the sending of this Notice, but the Court has expressed no opinion on the merits of this lawsuit. A final decision on the merits of this lawsuit has not been made by the Court." This is the precise language proposed by Defendant in their motion. Def's Mot. at 10.

### F. Consent Forms Should be Sent to Plaintiffs' Counsel and Not to the Court.

Courts routinely permit opt-in consent forms to be sent to Plaintiff's counsel rather than to the Court. Schear v. Food Scope Am., Inc., 2014 WL 123305 at *11 (S.D.N.Y. Jan. 10, 2014) (directing that the opt-in forms shall be returnable to Plaintiffs' counsel); Ritz v. Mike Rory Corp., 2013 WL 1799974 at *4 (E.D.N.Y. Apr. 30, 2013), reconsideration denied, 2013 WL 1968493 (E.D.N.Y. May 13, 2013) (directing that opt-in forms be returnable to plaintiff's counsel "to minimize the burden on opt-in plaintiffs who choose representation by plaintiff's counsel, and to reduce the administrative burden on the court"). Indeed, the Court should not have to manage the consent forms of potentially thousands of opt-in plaintiffs in this case.

Defendant objects to the opt-in forms being submitted to plaintiff's counsel on the grounds that it may "implicitly discourage opt-in plaintiffs from selecting other counsel" and instead argue that the forms should be submitted to the Court. Def's Mot. at 10. However, such concerns have been dismissed where the opt-in notice makes clear that potential class members may select their own counsel. See Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) (finding that "[b]ecause the notice states that opt-in plaintiffs can select their own counsel,

9

there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel"); Morris v. Lettire Const., Corp., 896 F. Supp. 2d 265, 274 (S.D.N.Y. 2012) (approving a proposed opt-in notice that directs potential class members to send forms to plaintiff's counsel rather than the court).[2]  Moreover, Defendant's proposed requirement that notices be sent to the Court may lead to confusion among prospective class members regarding who they should contact with questions about opting in.  Contact with the Court is not privileged, and Court personnel cannot provide legal advice to potential opt-in plaintiffs.  The Court should therefore adopt Plaintiff's proposal, in keeping with the usual practice, that claim forms be submitted to Plaintiff's counsel, who will then be required to file such forms with the Court.  In the experience of Plaintiff's counsel, even after receiving a comprehensive notice, potential opt-in plaintiffs often have many questions, including concerns about possible retaliation, questions about the nature of the claims, and the practical consequences of opting in versus not opting in.  If claim forms are submitted directly to the Court, some potential class members may have concerns about an inability to secure confidential advice and may simply choose not to participate in the face of any risk or uncertainty.

   **G.  The Use of Reminder Postcards is Appropriate.**

Defendant argues that reminder postcards should not be used because they are not necessary and because they could be interpreted as encouraging people to join the lawsuit.  Defs' Mot. at 11.  Both of Defendant's proffered reasons are invalid, and in fact the only reason to oppose a reminder postcard is that it may increase the participation rate, which is *not* a good reason. First, it is well documented that people often disregard collective action notices. See

---

[2]     Plaintiff has added language that states "Furthermore, you can join this lawsuit by representing yourself or by retaining counsel of your own choosing" in order to allay any concerns about potential class members being discouraged from selecting other counsel.

Andrew C. Brunsden, <u>Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts</u>, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008). Courts – including courts in the Second Circuit – regularly authorize reminder notices as a way to increase the chance that workers will be informed of their rights. <u>See</u> <u>Morris v. Lettire Const., Corp.</u>, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) (approving use of a reminder notice "given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in"); <u>Chhab v. Darden Restaurants, Inc.</u>, 11 CIV. 8345 NRB, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) (finding reminder notice appropriate in an FLSA collective action); <u>Harris v. Vector Mktg. Corp.</u>, 716 F. Supp. 2d 835, 847 (approving post-card reminder "[p]articularly since the FLSA requires an opt-in procedure"); <u>Gee v. SunTrust Mortg. Inc.</u>, 2011 WL 722111, at *4 (approving reminder notice to be sent forty-five days after the initial notice); <u>Sanchez v. Sephora USA, Inc.</u>, 2012 U.S. Dist. LEXIS 99924, at *18 (N.D. Cal. July 17, 2012) (noting that "courts have recognized that a second notice or reminder is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in.") (citations omitted); <u>Jennings v. Cellco P'ship</u>, 2012 US Dist. LEXIS 90994 at *18 (D. Minn. July 2, 2012) (authorizing "Plaintiffs' counsel to send one reminder letter" so long as it includes language that "the Court does not encourage or discourage participation in this case"). Because Plaintiff will bear the cost of the reminder mailing, and it will not alter the length of the notice period, the Court should authorize the reminder postcard.

**CONCLUSION**

Plaintiff has already fully briefed the issues in Defendant's motion and this Court has already approved Plaintiff's proposed notice in its Order of January 10, 2014. <u>See</u> Dkt. 101.

Plaintiff respectfully requests that the Court uphold its January 10th ruling, and that it approve the revised notice attached hereto as Exhibit A.

Respectfully submitted,

Plaintiff Joseph Carlone, on behalf of himself and all others similarly situated,

/s/ Richard E. Hayber
Richard E. Hayber, Esq.
The Hayber Law Firm, LLC
Fed No.: ct11629
221 Main Street, Suite 502
Hartford, CT 06106
Ph: (860) 522-8888
F: (860) 218-9555
rhayber@hayberlawfirm.com
Attorney for Plaintiffs

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Sara Smolik, *pro hac vice anticipated*
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02214
(617) 994-5800
sliss@llrlaw.com,
ssmolik@llrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on January 29, 2014, a copy of Plaintiff's Response to Defendant's Motion Requesting Adjudication of Outstanding Class Notice And Statute of Limitations Tolling Issues, was filed electronically on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.
